Edouard Desmarais, Ex'r.
      vs.     } No. 92372.
  Euclid Noiseux, et al.

July 14, 1934.

CHURCHILL, J. Heard jury trial waived.

14

This is an action of assumpsit to recover the sum of $1000 claimed to have been loaned to the defendants by Amanda Desmarais, of whose estate the plaintiff is executor.

The declaration is in two counts: One count is on a promissory note alleged to have been given by the defendants for the sum of $1000. The other count sets up a loan of $1000 to the defendants by Amanda Desmarais.

It is alleged that the money for the loan came from Dorilla Noiseux, who was the daughter of the plaintiff's testator and the wife of Euclid Noiseux; that Amanda Desmarais and Dorilla Noiseux agreed after the loan was made that Amanda Desmarais should provide in her will that the sum of $1000 be given to Dorilla for Rita Noiseux, the daughter of Dorilla, which sum would be received by Dorilla in lieu of the money which Dorilla had advanced to Amanda for the purpose of making the $1000 loan.

The defendants pleaded the general issue.

The testimony took a wide range, in which family relationships were involved, and was sharply conflicting in its nature.

After considering all the testimony, the Court finds the facts to be as follows:

1. On February 17, 1925, the defendant Euclid Noiseux borrowed of the plaintiff's testator the sum of $1000 which has never been repaid by him, and at the time the money was borrowed, the said Noiseux executed and delivered to Amanda Desmarais a promissory note in the sum of $1000 with interest at the rate of 7%.

The evidence leaves it uncertain as to whether the promissory note was a demand note or whether it was a time note, but there is no dispute that at the time the suit was brought the note was due if it was otherwise an outstanding obligation.

2. The evidence is not sufficient to warrant a finding that Dorilla Noiseux also executed the note.

3. The greater part of the sum of $1000 was placed in the hands of Amanda Desmarais by Dorilla Noiseux for the purpose of making such loan and constituted the greater part of the amount actually loaned to Euclid Noiseux and the latter was ignorant of the fact that his wife had made an advance to Amanda Desmarais for this purpose.

4. Amanda Desmarais died on April 30, 1933, leaving a will wherein Rita Noiseux, the daughter of Euclid and Dorilla Noiseux, was given a legacy of $1000 in trust, Dorilla Noiseux being named as trustee.

5. Previous to the death of Amanda Desmarais the note in question, which had been in the possession of Amanda Desmarais, was handed by her to Dorilla Noiseux and was destroyed by Dorilla. The note was not destroyed with the intention of cancelling the note or of discharging the obligation of Euclid Noiseux to pay the amount loaned. (See Chap. 227, Art. 9, Sec. 125, Sub-sec. 3, Gen. Laws 1923.)

6. After the destruction of the note, interest up to February 17, 1932, was paid by Euclid Noiseux to Amanda Desmarais, who received the interest and paid it over to Dorilla Noiseux.

7. Euclid Noiseux at a family council held subsequent to the death of Amanda Desmarais, in which the contents of the will were made known, and when he knew his wife had advanced to Amanda Desmarais a part of the loan made by her, admitted his liability to pay $1000 to the estate of Amanda Desmarais.

Decision for the defendant Dorilla Noiseux.

Decision for the plaintiff in the sum of $1131 as against Euclid Noiseux.

For plaintiff: Messrs. Archambault & Archambault.

For defendant: John A. O'Neill, Esquire.